IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

John Doe, a minor, by and through his next friends, Jack Doe and Jane Doe,

    Plaintiff(s),

v.

Academy School District 20

    Defendant.

---

**COMPLAINT**

---

Plaintiff John Doe ("Plaintiff"), a minor, by and through his next friends, Jack Doe ("father" or "Mr. Doe") and Jane Doe ("mother" or "Ms. Doe") hereby respectfully files this Complaint against Academy School District 20 ("Defendant" or "District"), by and through counsel Kishinevsky & Raykin, Attorneys at Law, and states on information and belief as follows. This action seeks injunctive and equitable relief, and appropriate damages and costs.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Plaintiff is a resident of El Paso County, Colorado.

3. Defendant, Academy District 20, is a public-school district that has its principal place of business in El Paso County, Colorado.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the wrongful acts alleged by the Plaintiff occurred in whole or in part in Colorado.

## II. PARTIES

1

5. Plaintiff is a minor student currently enrolled in the Defendant District.

6. Plaintiff is a disabled individual within the meaning of Section 504 of the United States Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*; and the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-24-801 *et seq.* Plaintiff's disabilities impair major life activities including, but not limited to, caring for himself, working, learning, reading, concentrating, and communicating.

7. Defendant is a recipient of federal financial assistance subject to the requirements of Section 504, 34 C.F.R. § 104.11, and a public governmental entity subject to the provisions of the ADA, 42 U.S.C. §§ 12132, 12131, (1)(A), (B).

### III. FACTUAL BACKGROUND

1. Plaintiff is a special education student. His primary disability is Autism Spectrum Disorder ("ASD") level 3.

2. Plaintiff's disability impairs major life activities including, but not limited to, caring for himself, working, learning, reading, concentrating, and communicating.

3. Plaintiff attends Frontier Elementary School ("Frontier"), a public elementary school within Academy District 20 ("District").

4. Plaintiff is a kindergartner. He attended Frontier for pre-kindergarten during the 2023-2024 school year.

5. Plaintiff has a moderate receptive language impairment. He frequently communicates with one-word phrases.

6. Plaintiff is unable to independently use the bathroom and wears diapers.

7. Plaintiff was first determined to be eligible for special education services in February 2023 as a pre-kindergartner.

8. In pre-kindergarten, Plaintiff's teacher would change his diaper in a timely fashion. Plaintiff was also provided consistent adult support and supervision as a pre-kindergartner.

9. Plaintiff's parents were happy with his progress in pre-kindergarten and felt that he was well supported.

10. On January 25, 2024, at Plaintiff's individualized education plan ("IEP") meeting, Plaintiff's parents shared that they would like Plaintiff to have a one-on-one paraprofessional for kindergarten. They also shared safety concerns about Plaintiff's elopement and informed the District that Plaintiff may not be potty trained by the start of kindergarten.

11. At this meeting, Ms. Lisa Shurgot, a Speech Language Pathologist, informed Plaintiff's parents for the first time that he may not be attending Frontier for kindergarten.

12. Plaintiff's parents want him to attend Frontier School, as it is his home school.

13. On April 11, 2024, Plaintiff's IEP team convened to discuss Plaintiff's re-evaluation results. The IEP team determined that Plaintiff continued to be eligible for special education services.

14. At this meeting, the District IEP team members did not give Plaintiff's parents an answer regarding his ability to attend Frontier for the 2024-2025 school year.

15. On April 12, 2024, Mr. Doe emailed Dr. Murray to ask why Plaintiff's placement had not been confirmed for the 2024-2025 school year.

3

16. On April 15, 2024, Dr. Murray informed Mr. Doe that no determination had been made to Plaintiff's placement, and that his placement would be determined at his next IEP meeting.

17. Plaintiff's most recent IEP meeting took place on May 8, 2024.

18. At this meeting, Plaintiff's parents were finally informed that he would be attending Frontier for kindergarten.

19. At this meeting, Plaintiff's parents again expressed concern about his safety and his need for constant adult supervision once he starts kindergarten due to his history of elopement.

20. In addition to eloping, Plaintiff will engage in self-harming behavior when he gets mad or is told "no."

21. On May 8, 2024, Plaintiff's parents again told the District that Plaintiff will need support with his bathroom skills for the 2024-2025 school year as he is not yet potty trained.

22. Plaintiff's May 8 IEP states that he needs adult support for toileting as he is not toilet trained.

23. However, the District has not provided Plaintiff with *any* support for toileting for the entirety of the 2024-2025 school year thus far.

24. On August 13, 2024, Plaintiff started kindergarten.

25. On August 14, 2024, Dr. Julie Murray, Frontier's Principal, informed Ms. Doe that the person who was going to be responsible for changing his diapers quit.

26. Dr. Murray reassured Ms. Doe that a replacement would be hired by the end of the week. This did not occur.

27. On August 15, 2024, Ms. Cori Slack, Frontier's nurse, informed Ms. Doe that the school was actually not equipped with a changing station per District policy and therefore could not accommodate Plaintiff's need for diaper changes.

28. Ms. Doe goes to the school and changes Plaintiff's diaper, multiple times per day, because the District refuses to provide him with assistance with toileting or to change his diaper.

29. Ms. Doe goes to Frontier at 10:50a.m. and 1:30p.m. daily and is on call throughout the day to change Plaintiff's diaper.

30. From August 13, 2024, until November 22, 2024, Ms. Doe changed Plaintiff's diaper in the nurse's office, which is not private.

31. Often, other students are in the nurse's office when Ms. Doe arrives, and she has to wait until they leave the office before she can change Plaintiff's diaper.

32. While waiting for Ms. Doe to change his diaper, Plaintiff is not in class and is not receiving instruction.

33. Sometimes, Ms. Doe ends up going to the school to change Plaintiff's diaper five times per day.

34. Plaintiff is frequently already in a soiled diaper or has soaked through his clothes upon Ms. Doe's arrival at the school.

35. Because Plaintiff is largely non-verbal, he cannot tell his parents how long he is sitting in a soiled diaper.

36. Plaintiff has severe diaper rashes, redness, and bleeding due to the District's refusal to provide assistance with toileting or to change his diaper.

5

37. On November 22, 2024, Frontier staff directed Ms. Doe to a staff bathroom with a cot, so that Plaintiff's diaper could be changed in privacy.

38. On December 5, 2024, undersigned counsel contacted the District's counsel and advised that they represented Plaintiff.

39. On December 11, 2024, Ms. Slack informed Ms. Doe that the District hired someone to change Plaintiff's diaper and help Plaintiff with toilet training.

40. On information and belief, the only reason that District hired someone to change the child's diapers is because of involvement by child's attorney.

41. There is no guarantee that the District will actually begin providing Plaintiff with diaper changes at school.

42. Based on the District's pattern of denying Plaintiff diaper changes and requiring Ms. Doe to come to school to change Plaintiff's diaper, it is reasonably likely the District will continue requiring Ms. Doe to change Plaintiff's diaper.

43. Ms. Doe spends hours of time per day traveling to and from the school and changing Plaintiff's diaper.

44. Due to being constantly on call to attend to Plaintiff's needs, Ms. Doe is unable to work.

*i.   Defendant's conduct manifests Defendant's deliberate indifference to Plaintiff's federally protected rights.*

45. The District knew that Plaintiff would need assistance with toileting and diaper changes for the 2024-2025 school year as early as January 2024.

46. The District has not provided Plaintiff with someone to assist with diaper changes or toileting starting on August 14, 2024.

47. The District requires Plaintiff's mother to come to the school, several times per day, to change Plaintiff's diaper.

48. The District did not provide a private location for Plaintiff's diaper changes from August 14, 2024, until November 22, 2024.

49. On December 11, 2024, Defendant informed Plaintiff's parents that it hired someone to start changing Plaintiff's diaper.

50. Defendant's staff started changing Plaintiff's diaper on December 12, 2024.

### III.     LEGAL CLAIMS

### COUNT I

### DEFENDANT VIOLATED SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794

51. Plaintiff incorporates, by reference, all previous paragraphs of the Complaint herein.

52. Pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504") and its regulation "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794.

53. "[I]ntentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights." *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1153 (10th Cir. 1999).

54. Plaintiffs must show (1) that Defendant had knowledge that a harm to a federally protected right was substantially likely and (2) a failure to act upon that knowledge. *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1262 (10th Cir. 2018).

55. Plaintiff is a person with a disability within the meaning of 29 U.S.C. § 794.

7

56. Defendant is a recipient of federal financial assistance and operates a public elementary or secondary education program or activity. Therefore, it is a covered entity under 29 U.S.C. § 794.

57. Defendant knew that Plaintiff needed assistance with diaper changes and toileting as early as January 2024.

58. Defendant failed to provide Plaintiff with any assistance with diaper changes or toileting from August 14, 2024, until December 11, 2024.

59. Defendant claims that it hired someone to start changing Plaintiff's diaper; however, this person has not started, nor have they met Plaintiff's parents.

60. Defendant's actions prevent Plaintiff from participating in school by requiring him to wait for his mother to arrive at the school whenever he needs a diaper change. While he and his mother are waiting to use the nurse's office, he is not in class and not receiving instruction, thereby being denied access to education services.

61. Defendant's actions cause Plaintiff physical injuries, including but not limited to diaper rashes, redness, and bleeding.

62. Defendant intentionally discriminated against the Plaintiff by excluding him from participation in and denying him the benefits of Defendant's programs or activities solely because of his disability in violation of 29 U.S.C. § 794 and its implementing regulations.

63. Defendant is denying Plaintiff reasonable accommodations by refusing to provide diaper changes and toileting assistance so that Plaintiff may access his education with his peers.

64. Defendant has otherwise intentionally discriminated against Plaintiff in violation of Section 504.

8

65. As a direct and proximate cause of Defendant's violation of Section 504, Plaintiff has suffered and continues to suffer severe and grievous physical, mental, and emotional suffering, humiliation, stigma, economic damages, and other injuries he will continue to suffer.

## COUNT II

### DEFENDANT VIOLATED TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12131 *et seq.*

66. Plaintiff incorporates by reference all previous paragraphs of the Complaint herein.

67. Title II of the ADA and its regulations provide that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or actives of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (*see also* 28 C.F.R. Part 35).

68. Defendant is a public entity subject to Title II of the ADA, 42 U.S.C. § 12132.

69. Plaintiff is a person with a disability within the meaning of 42 U.S.C. § 12102.

70. Defendant knew that Plaintiff needed assistance with diaper changes and toileting as early as January 2024.

71. Defendant failed to provide Plaintiff with any assistance with diaper changes or toileting from August 14, 2024, until December 11, 2024.

72. Defendant claims that it hired someone to start changing Plaintiff's diaper, however, this person has not started, nor have they met Plaintiff's parents.

73. Defendant's actions prevent Plaintiff from participating in school by requiring him to wait for his mother to arrive at the school whenever he needs a diaper change. While he and his mother are waiting to use the nurse's office, he is not in class and not receiving instruction, thereby being denied access to education services.

74. Defendant's actions cause Plaintiff physical injuries, including but not limited to diaper rashes, redness, and bleeding.

75. Defendant is denying Plaintiff reasonable accommodations by refusing to provide diaper changes and toileting assistance so that Plaintiff may access his education with his peers.

76. Defendant intentionally violated Plaintiff's rights under the ADA and its regulations by excluding him from participation in and denying him the benefits of Defendant's services, programs, and activities, on the basis of disability, and by subjecting him to discrimination in violation of 42 U.S.C. § 12132.

77. As a direct and proximate cause of Defendant's violation of the ADA, Plaintiff has suffered and continues to suffer severe and grievous physical, mental, and emotional suffering, humiliation, stigma, economic damages, and other injuries he will continue to suffer.

## COUNT III

**DEFENDANT VIOLATED THE COLORADO ANTI-DISCRIMINATION ACT, C.R.S. § 24-34-801** *et seq.*

78. Plaintiff incorporates by reference all previous paragraphs of the Complaint herein.

79. The Colorado Anti-Discrimination Act ("CADA") affirms that it is the policy of the State of Colorado "[t]o encourage and enable…individuals with a disability to participate fully in social, employment, and educational opportunities… on the same terms and conditions as individuals without a disability" and "[t]hat…individuals with a disability must not be excluded, by reason of his or her disability, from participation in or be denied the benefits of the services, programs, or activities of any public entity or be subject to discrimination by any public entity." C.R.S. §24-34-801 (1)(a), (d). These rights are codified as a Civil Right in the Colorado Revised Statutes.

80. Defendant is a public entity subject to C.R.S. §24-34-801 *et seq.* per C.R.S. §24-34-301(5.4)(b).

81. Plaintiff is an individual with a disability under C.R.S. §24-34-301(7).

82. Defendant knew that Plaintiff needed assistance with diaper changes and toileting as early as January 2024.

83. Defendant failed to provide Plaintiff with any assistance with diaper changes or toileting from August 14, 2024, until December 11, 2024.

84. Defendant claims that it hired someone to start changing Plaintiff's diaper, however, this person has not started, nor have they met Plaintiff's parents.

85. Defendant's actions prevent Plaintiff from participating in school by requiring him to wait for his mother to arrive at the school whenever he needs a diaper change. While he and his mother are waiting to use the nurse's office, he is not in class and not receiving instruction, thereby being denied access to education services.

86. Defendant's actions cause Plaintiff physical injuries, including but not limited to diaper rashes, redness, and bleeding.

87. Defendant discriminated against Plaintiff in the full utilization of or benefit from the services provide and rendered by Defendants due to the Plaintiff's disability.

88. Defendant otherwise violated Plaintiff's rights under the CADA.

89. As a direct and proximate cause of Defendant's violation of CADA, Plaintiff has suffered and continues to suffer severe and grievous physical, mental, and emotional suffering, humiliation, stigma, economic damages, and other injuries he will continue to suffer.

## COUNT IV

### DEFENDANT VIOLATED THE EQUAL PROTECTION CLAUSE

11

90. Plaintiff realleges and incorporates, by reference, all previous paragraphs of the Complaint herein.

91. Plaintiff is an individual entitled to the full protection of the Equal Protection Clause of the U.S. Constitution, U.S. Const. Amend. 14, and as coequally protected by the Colorado State Constitution.

92. Plaintiff is a member of a class of disabled students that require diaper changes at school.

93. Defendant violated Plaintiff's constitutional rights to equal protection by denying him access to and the benefits of the District's educational programs which are afforded to all children within the District's jurisdiction.

94. Defendant is the final policymaker as to the policy to deny diaper changes and assistance with toileting for disabled students.

95. Pursuant to this policymaking authority, Defendant refused to provide diaper changes to Plaintiff.

96. Pursuant to this policymaking authority, Defendant does not have a changing station at Frontier.

97. Defendant's policies, customs, and/or practices in denying diaper changes and assistance with toileting for disabled students were the causal force and proximate cause of the violation of Plaintiff's federal and state constitutional rights.

98. Defendant provided diaper changes for Plaintiff during the 2023-2024 school year.

99. Defendant's decision to change its policy to refuse diaper changes to disabled students requiring diaper changes is arbitrary and demonstrates animus towards disabled students who require diaper changes.

100. Defendant's diaper change policy for disabled students does not afford Plaintiff the same protections as disabled students who do not need diaper changes to access their education.

101. The constitutional violations perpetrated against Plaintiff were a foreseeable consequence of Defendant's actions and inactions.

102. Defendant was deliberately indifferent to Plaintiff's constitutional rights by requiring him to sit in soiled diapers until his mother could arrive at school to change him.

103. The acts or omissions of Defendant caused Plaintiff damages, including actual economic damages, pain and suffering, and emotional and mental suffering.

104. The acts or omissions of Defendant as described herein deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and the Colorado Constitution.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. Find that the Defendant violated state and federal law;

B. Find the Plaintiff is the prevailing party;

C. Award the Plaintiff injunctive relief requiring Defendant to provide diaper changes and toileting assistance at school;

D. Award the Plaintiff equitable relief;

E. Award the Plaintiff punitive damages;

F. Award the Plaintiff special damages for medical expenses;

13

G. Award the Plaintiff general damages for emotional distress and pain and suffering in an amount to be established at trial;

H. Award the Plaintiff compensatory damages;

I. Award the Plaintiff his reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and/or other applicable statutes; and

J. Any other relief deemed necessary or appropriate.

**DATED:** December 16, 2024

***PLAINTIFF DOES NOT REQUEST A JURY ON ALL ISSUES SO TRIABLE***

<u>/s/Igor Raykin</u>
Igor Raykin
Kishinevsky & Raykin, LLC
2851 South Parker Road, Suite 150
Aurora, CO 80014
Tel: 720-767-1846
Fax: 720-748-8894
igor@coloradolawteam.com

<u>/s/Kaity Tuohy</u>
Kaity Tuohy
Kishinevsky & Raykin, LLC
2851 South Parker Road, Suite 150
Aurora, CO 80014
Tel: 720-767-1846
Fax: 720-748-8894
kaity@coloradolawteam.com

*Attorneys for the Plaintiff*

14